CT Corporation

**Service of Process Transmittal**
03/09/2021
CT Log Number 539174892

**TO:** Erica Nugent Grimes
BJ's Wholesale Club, Inc.
25 RESEARCH DR
WESTBOROUGH, MA 01581-3680

**RE:** **Process Served in Georgia**

**FOR:** BJ's Wholesale Club, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JUANA GOMEZ, PLTF. vs. BJ'S WHOLESALE CLUB, INC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21C01635S4 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/09/2021 at 12:49 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/09/2021, Expected Purge Date: 03/14/2021 |
| | Image SOP |
| | Email Notification,  Service of Process  legalnotices@bjs.com |
| | Email Notification,  Cara Alessandrini  calessandrini@bjs.com |
| | Email Notification,  Christina Eliason  celiason@bjs.com |
| | Email Notification,  Gina Bisceglia  gbisceglia@bjs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01635-S4**
3/2/2021 4:17 PM

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

*Tiana P. Garner*
CLERK OF STATE COURT

**JUANA GOMEZ**

CIVIL ACTION
NUMBER: **21-C-01635-S4**

PLAINTIFF

VS.

**BJ'S WHOLESALE CLUB, INC.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Melvin L Hewitt Jr
Isenberg & Hewittt PC
600 Embassy Row, Suite 150
Atlanta, GA 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**2ND**_____ day of _____**MARCH**_____, 20 **21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01635-S4**
**3/2/2021 4:17 PM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JUANA GOMEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CIVIL ACTION FILE** |
| vs. | ) |
| | ) **NO.** 21-C-01635-S4 |
| BJ'S WHOLESALE CLUB, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW JUANA GOMEZ** and files this her Complaint for Personal Injuries

against Defendant **BJ'S WHOLESALE CLUB, INC.** and shows this honorable Court the

following:

1.

Plaintiff, Juana Gomez (hereinafter sometimes referred to as "Gomez" or "Plaintiff") is a

resident of the State of Georgia and, by the filing of this Complaint, is subject to the jurisdiction

and venue of this Court.

2.

Defendant BJ'S Wholesale Club, Inc. (hereinafter sometimes referred to as "BJ'S") is a

Foreign Profit Corporation, lawfully doing business in Georgia and has, as its principal place of

business, an address located at 25 Research Drive, Westborough, Massachusetts 01581.

3.

At all times relevant hereto, Defendant BJ'S operated a membership-only retail facility offering groceries, electronics and other consumer products in a warehouse-like space located at 331 Newman Crossing Bypass in Newnan, Georgia.

4.

At all times relevant hereto, Defendant BJ'S had and has, as its Registered Agent in Georgia,  CT Corporation System located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

5.

Defendant BJ'S can be properly served in this action by delivering an original Summons and Complaint to its Registered Agent.

6.

Jurisdiction and venue as to Defendant BJ'S is proper in this Court.

**GENERAL ALLEGATIONS**

6.

At or around 2:00 p.m. on Sunday, July 26, 2020, Plaintiff Gomez was at the BJ'S Newnan Georgia retail facility (hereinafter sometimes "the Newnan BJ'S") located at 331 Newman Crossing Bypass in Newnan, Georgia.

7.

While shopping at the Newnan BJ'S, Plaintiff stopped and was checking prices on a blender she was intending to purchase in the center aisle between the Vacuums/Irons/Water Filtration section and the Greeting Cards/Gift Wrap section when an as yet to be identified BJ'S

employee who was pushing a BJ'S cart, ran into her with the front lower frame area of the cart impacting her right lower-leg and ankle area.

8.

Plaintiff was transported to the emergency room by ambulance and later followed up with a specialist who ultimately recommended surgery to repair plaintiff's torn peroneal tendon as plaintiff did not respond favorably after conservative treatment methods.

## COUNT ONE
## NEGLIGENCE

9.

Paragraphs 1 through 8 are incorporated by reference as though fully and completely set forth.

10.

At all times relevant hereto, Defendant BJ'S Wholesale Club, Inc. managed, operated and exercised control over the Newnan BJ'S Club premises.

11.

At all times relevant hereto, Defendant BJ'S Wholesale Club, Inc. exercised complete control over the area where Plaintiff incurred her injuries and was responsible for the actions and inactions of its employees who were engaged in the normal course and scope of their duties and responsibilities.

12.

At all times relevant hereto, the individual who was pushing the cart the struck and injured the Plaintiff has yet to be identified, however is known to be a BJ'S Wholesale Club, Inc. employee.

13.

The as yet to be identified employee of BJ'S who was operating the cart which struck and injured the Plaintiff was negligent and careless in the operation of the BJ'S cart that struck and injured the Plaintiff.

14.

As a direct result and consequence of the negligent and careless operation of the BJ'S cart that struck and injured the Plaintiff, Plaintiff incurred serious and life-impacting injuries.

## COUNT II

### NEGLIGENT HIRING, TRAINING AND SUPERVISION

15.

Paragraphs 1 through 14 are incorporated by reference as though fully and completely set forth.

16.

At all times relevant hereto Defendant BJ'S Wholesale Club, Inc. had a duty and responsibility to properly screen prospective hires and re-hires, and to properly hire, train and supervise it's employees.

17.

Defendant BJ'S was negligent by failing to properly and completely screen, hire, and subsequently train and supervise the as yet to be identified BJ'S employee who was operating the cart that struck and injured the Plaintiff.

18.

As a direct and proximate result of Defendants BJ'S Wholesale Club, Inc. negligence in screening, hiring, training and supervising of the as yet to be identified BJ'S employee who was operating the cart that struck and injured the Plaintiff, Plaintiff incurred serious and life-impacting injuries.

## COUNT THREE
## DAMAGES

19.

Paragraphs 1 through 18 are incorporated by reference as though fully and completely set forth herein.

20.

As a direct and proximate result of the injuries incurred by the Plaintiff, Plaintiff has incurred medical expenses **to date** as follows:

| | |
|---|---|
| Coweta County EMS | $   635.20 |
| Coweta Emergency Group | $1,416.00 |
| Piedmont Newnan Hospital | $2,651.00 |
| Georgia Bone & Joint | $2,714.00 |
| Outpatient Imaging | $1,380.00 |
| | |
| TOTAL: | $8,796.20 |

for the which Plaintiff is entitled to recover against Defendant BJ'S Wholesale Club, Inc.

21.

As a direct and proximate result of the injuries incurred when the as yet to be identified BJ's employee who was operating the car that struck and injured the Plaintiff, Plaintiff anticipates a surgery will be required and a long recovery to such surgical intervention will be required.

22.

As a direct and proximate result of the injuries incurred when the as yet to be identified BJ'S employee who was operating the cart that struck and injured the Plaintiff, Plaintiff experienced immediate physical pain accompanying the injuries she sustained and has continued to suffer physical and emotional pain as a result of her injuries and is likely to continue to suffer such physical pain and emotional distress into the future.

23.

As a direct and proximate result of the injuries incurred when the as yet to be identified BJ'S employee who was operating the cart that struck and injured the Plaintiff, Plaintiff has incurred general damages for her past, present and future physical and emotional pain and suffering for which Plaintiff is entitled to recover against Defendant BJ'S Wholesale Club, Inc.

24.

As a result of the negligence of the defendants, plaintiff Ekaterina Cox lost wages in the amount of $4,345.00.

**WHEREFORE,** having set forth her claims against Defendant for which Plaintiff is entitled to recover against Defendant BJ'S Wholesale Club, Inc., Plaintiff prays

(a)     for Judgment in favor of Plaintiff against Defendant for which Plaintiff is entitled to recover against Defendant BJ'S Wholesale Club, Inc. for compensatory (special) damages proven at trial including past, present and future medical bills and lost wages; and

(b)     for Judgment in favor of Plaintiff against Defendant for which Plaintiff is entitled to recover against Defendant BJ'S Wholesale Club, Inc. for general damages for

past, present and future mental and physical pain and suffering incurred as a direct

and proximate result of the injuries she incurred;

(c)     for TRIAL BY JURY; and

(d)     for such other and further relief as the Court deems just and proper

Respectfully submitted this 2nd day of March, 2021

ISENBERG & HEWITT, P.C

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Attorneys for Plaintiffs

600 Embassy Row, Suite 150
Atlanta, GA 30328
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

Page 7 of 7

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **JUANA GOMEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO. 21-C-01635-S4** |
| **BJ'S WHOLESALE CLUB, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT BJ'S WHOLESALE CLUB, INC.

**COMES NOW JUANA GOMEZ** (hereinafter "plaintiff") in the above-captioned case, and hereby requires that defendant **BJ'S WHOLESALE CLUB, INC.** (hereinafter sometimes "BJ'S") answer, under oath, the following interrogatories within thirty (30) days from the date of service of Plaintiff's First Interrogatories To Defendant BJ'S Wholesale Club, Inc., as provided by law, and furnish a copy of such answers to Plaintiff's attorneys, Isenberg & Hewitt, PC, 600 Embassy Row, Suite 150, Atlanta, Georgia 30328.

### INSTRUCTION

In answering these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

In answering these interrogatories, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each part separately and in full, and do not limit your answer to

Page 1 of **8**

the interrogatory as a whole. If these interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

With respect to each interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, <u>identify and describe all documents to which you refer in preparing your answers</u>. The interrogatories are continuing, and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

A. "Person" shall mean and include a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

B. In each instance wherein you are asked to "Identify" a person, or the answer to the interrogatory refers to a person, state with respect to each person:

    (1) his/her name, date of birth, and Social Security Number;

    (2) his/her last known residence, business address and telephone number;

    (3) his/her company affiliation at the date of the transaction referred to;

    (4) his/her title and duties in the company with which he was affiliated.

C. The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices; orders or acknowledgments; diaries, reports, forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, E-mails, or cables prepared, drafted, received or sent; tapes, transcripts or recordings; photographs, pictures or films; computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

D.  In each instance wherein you are asked to "Identify" or describe a "Document", your description should be sufficient to satisfy the requirements of Section 34 of the Civil Practice Act, and should include, but not be limited to:

(1)  the name, address, telephone number, occupation, job title and employer of the present custodian of the document;

(2)  the fact or facts which would tend to be established by the introduction into evidence of the document;

(3)  the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

E.  In each instance wherein you are asked to "Identify" or describe a "person", your description should be sufficient to satisfy the requirements of Section 34 of the Civil Practice Act, and should include, but not be limited to:

(1)  the name, address, telephone number, occupation, job title and employer of such person;

(2)  the fact or facts which would tend to be established by the introduction into evidence of such person;

(3)  the name, address, telephone number, occupation, job title and employer of such person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

F.  The terms "You" and "Your" shall mean the named Defendant BJ'S Wholesale Club, Inc., (including any predecessor, successor, and affiliate thereof) and employees, agents, and duly authorized representatives.

G.    The term "subject incident" shall mean the occurrence alleged by the Plaintiff to happen when a BJ's Club employee who was operating a BJ's Club cart pushed the BJ's Club cart into her right lower-leg/ankle area on or about July 26, 2020 at BJ's membership-only retail facility located at 331 Newnan Crossing Bypass in Newnan, Georgia.

H.    The term "incident-producing incident", for purposes of these Requests shall mean any incident or occurrence where an individual is injured and a report or claim was made that the occurrence was caused, in whole or in part, by the negligence of a BJ's Club employee.

I.     The term "the area where the Plaintiff was injured" when used herein shall mean the center aisle between the Vacuums/Irons/Water Filtration section and the Greeting Cards/Gift Wrap section of the 331 Newnan Crossing Bypass, Newnan, Georgia BJ's facility.

J.     The term "the Premises" shall mean the 331 Newnan Crossing Bypass, Newnan, Georgia BJ's facility.

## INTERROGATORIES

### Interrogatory No. 1

Please identify the name, title and basis of authority of each and every person answering or contributing to the answers to these Interrogatories on your behalf. [Specifically excluded from identification are individuals whose contributions to the responses to these interrogatories are purely clerical in nature.]

### Interrogatory No. 2

Please identify the owner of the Premises where the incident giving rise to this lawsuit occurred. [Note: If you are not the 'owner' of the Premises where the incident giving rise to this lawsuit occurred but rather leased or rented the Premises where the incident giving rise to this lawsuit occurred, please identify the lessor of the said Premises.]

### Interrogatory No. 3

Please identify the entity in control of the Premises where the incident giving rise to this lawsuit occurred.

### Interrogatory No. 4

If you contend that the injuries Plaintiff incurred on July 26, 2020 at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ'S facility, were in any way the result of any other person, person's or entity's negligence, other than the negligence of a BJ'S employee, please state with specificity, the factual basis for any such claim or contention on Your part.  In Your response to

Page **4** of **8**

this interrogatory, please fully and completely describe each negligent act or acts You claim were committed by such other person (non-related person or entity, non-employee, or an individual non-engaged in any way by or to You) or entity which resulted in any of Plaintiff's injuries.

### Interrogatory No. 5

Please identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, all procedures, procedures manuals, policies, policy manuals, directives, protocols, memorandum, notices, alerts, messages, instructions, instruction manuals, training materials and all other written or tangible memorialization which pertain to the inspection and/or maintenance and/or cleaning of floors or re-stocking shelves or movement of goods and merchandise at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ'S facility. [Note: This interrogatory is not limited to materials which are only applicable to the Newnan, Georgia BJ'S facility at issue, but includes and requests identification of materials applicable to other BJ'S retail facilities as well.]

### Interrogatory No. 6

Identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, any maintenance logs, shift reports, daily reports and all other documentation, including emails utilized by Defendant BJ'S to memorialize incidents at the subject Newnan, Georgia BJ'S facility.

### Interrogatory No. 7

Please state fully and completely how you maintain the alleged incident giving rise to this lawsuit happened, providing in your answer a complete chronology of events.

**Interrogatory No. 8**

Please identify all injury-producing incidents or claims of an injury-producing incident occurring, or which was alleged to have occurred, at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ'S facility within the three (3) years prior to and up to July 26, 2020.

**Interrogatory No. 9**

Please identify all injury-producing incidents or claims of an injury-producing incident which occurred, or which was alleged to have occurred, at any BJ's membership-only retail facility located in the State of Georgia within the three (3) years prior to and up to July 26, 2020.

**Interrogatory No. 10**

Please identify all individuals, by name and by title, who were:

(a)     working at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ'S facility between 11:00 a.m. and 5:00 p.m. on May 7, 2020;

(b)     assigned to work in the area where the Plaintiff was injured at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ'S facility between 11:00 a.m. and 5:00 p.m. on July 26, 2020; and

(c)     was the most senior person in charge of the BJ's membership-only retail facility located at 331 Newnan Crossing Bypass in Newnan, Georgia between 11:00 a.m. and 5:00 p.m. on July 26, 2020.

[NOTE:   This interrogatory may be responded to in one response as long as the title and work area is made clear.]

### Interrogatory No. 11

To the extent not fully identified in any above interrogatory, please identify, (i) the manager, or most senior executive of the BJ's membership-only retail facility located at 331 Newnan Crossing Bypass in Newnan, Georgia who was the most senior store manager on July 26, 2020, regardless of whether or not he or she was on duty or at the Ashley Park BJ's membership-only retail facility at the time of the incident at issue on July 26, 2020; and (ii) such individual's immediate supervisor.

### Interrogatory No. 12

Please identify all persons that, to Your or Your representatives' knowledge, information or belief:

(a)   were eyewitnesses to any of the events of the incident giving rise to this lawsuit; and/or

(b)   have any knowledge of the actions or activities of the Plaintiff, Lyndsey Long, while she was present in the BJ'S Newnan Georgia facility or within the 12 hours prior or after the incident; and/or

(c)   have any knowledge concerning the incident or facts giving rise to the incident at issue in this lawsuit.

### Interrogatory No. 13

Please state, in reasonable detail, the knowledge each Person identified in response to Interrogatory No. 12, parts (a), (b) and (c) has.

### Interrogatory No. 14

Please describe, in reasonable detail, all actions or activities of the plaintiff You, or any of Your agents or employees observed, after the alleged accident/incident at issue in this lawsuit.

**Interrogatory No. 15**

Did you, or any of your agents or employees, speak with or render any assistance or support of any kind to the plaintiff after she was injured?   If you did, please describe any communications or assistance or help that was given to the plaintiff and the names and addresses of those persons rendering assistance or communicating with the Plaintiff.

**Interrogatory No. 16**

Please identify a designee (or designees) of Defendant BJ'S Wholesale Club, Inc., pursuant to O.C.G.A. § 9-11-30(b)(6), who can testify regarding Defendant BJ'S Wholesale Club, Inc.'s Answer to Plaintiff's Complaint and to Defendant BJ'S Wholesale Club, Inc.'s responses to Plaintiff's First Interrogatories and First Requests for Production to Defendant BJ'S Wholesale Club, Inc.

Respectfully submitted this ⟨3ʳᵈ⟩ day of March, 2021.

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Attorneys for Plaintiffs

600 Embassy Row, Suite 100
Atlanta GA 30328
**T** (770) 351-4400 / **F** (770) 828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

Page **8** of **8**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JUANA GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | |
| | ) | **NO. 21-C-01635-S4** |
| BJ'S WHOLESALE CLUB, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND
NOTICE TO PRODUCE PURSUANT TO O.C.G.A. § 24-13-27
TO DEFENDANT BJ'S WHOLESALE CLUB, INC.**

**COMES NOW JUANA GOMEZ** (hereinafter sometimes referred to by name or as "Plaintiff") in the above-captioned case and hereby requests defendant **BJ'S WHOLESALE CLUB, INC.** (hereinafter sometimes referred to as "BJ's") produce, within thirty (30) days from the date of service of Plaintiff's First Request for Production of Documents to Defendant B.J.'s Wholesale Club, Inc. to Plaintiff's attorneys, Isenberg & Hewitt, PC at 600 Embassy Row, Suite 150, Atlanta, Georgia 30328.

**INSTRUCTIONS**

**YOU ARE HEREBY INSTRUCTED**, to produce at every hearing, trial and every deposition of the defendant or any of its officers or directors in the above-styled case, and from time to time and from term to term, or until the above-styled matter is concluded, the following requested documents and materials and records which are in your possession, custody or control.

**NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to

Page **1** of **8**

the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**NOTE B:**     As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production; provided however that nothing in this paragraph shall be deemed to nullify or amend defendant's obligation to present all of the requested documents at any deposition or hearing or trial of this matter.

**NOTE C:**   If privilege is claimed as to any document otherwise covered by this request for production, defendant requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (*e.g.*, letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This request for production seeks inspection and copying of documents in the possession of plaintiff and its agents and attorneys, including both copies and originals, unless otherwise specifically stated.

## DEFINITIONS

A.     The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action.   This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries, reports,

forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, E-mails, or cables prepared, drafted, received or sent; tapes, transcripts or recordings; photographs, pictures or films; computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

B.     The terms "You" and "Your" shall mean the named Defendant, B.J.'s Wholesale Club, Inc.

C.     Knowledge" includes first-hand information and information derived from any other source including hearsay knowledge.

D.     The term "subject incident" shall mean the occurrence alleged by the Plaintiff to happen when a BJ's Club employee who was operating a BJ's Club cart pushed the BJ's Club cart into her right lower-leg/ankle area on or about July 26, 2020 at BJ's membership-only retail facility located at 331 Newnan Crossing Bypass in Newnan, Georgia.

E.     The term "incident-producing incident", for purposes of these Requests shall mean any incident or occurrence where an individual is injured and a report or claim was made that the occurrence was caused, in whole or in part, by the negligence of a BJ's Club employee.

F.     The term "the area where the Plaintiff was injured" when used herein shall mean the center aisle between the Vacuums/Irons/Water Filtration section and the Greeting Cards/Gift Wrap section of the 331 Newnan Crossing Bypass, Newnan, Georgia BJ's facility.

G.     The term "the Premises" shall the 331 Newnan Crossing Bypass, Newnan, Georgia BJ's facility.

### Request No. 1

Please produce all rules, management guidelines, operating guidelines, procedures, policies and all similar writings, whether stored electronically or in tangible format, that purport to show rules, policies, procedures, guidelines, mandates and instruction pertaining to the cleaning, maintenance, inspection, care, control and safety of the area of the Premises where Plaintiff was injured.

### Request No. 2

Please produce the index to <u>all</u> policy and procedures manuals, regardless of their title used internally to describe such manuals, which contain any reference to floor cleaning, floor maintenance, floor inspection, stocking, the operation of equipment (to include shopping carts and wheeled carts used for movement of goods from one area of the store to another) or floor safety protocols.

### Request No. 3

Please produce all training materials, including video materials, which were used to train employees, including prospective employees, working at or being considered to work at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility relative to floor cleaning, floor maintenance, floor inspection, stocking, the operation of equipment (to include shopping carts and wheeled carts used for movement of goods from one area of the store to another) or floor safety protocols. [This Request is limited in time to materials utilized during the three (3) years prior to and up to July 26, 2020.]

### Request No. 4

Please produce a copy of any employee manuals provided to employees working at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility, which manual or manuals were issued to or provided to employees at any time within the three (3) years prior to and up to July 26, 2020.

### Request No. 5

Please produce any and all pictures, photographs, images and video images which show or depict the Plaintiff at any time she was on the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility premises.

### Request No. 6

To the extent the same was not produced in response to the preceding Request, please produce any and all pictures, photographs, images and video images which show or depict the Plaintiff in the area where she was injured at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility premises.

### Request No. 7

Please produce copies of all statements and reports which pertain to the subject incident.

### Request No. 8

Please produce a drawing or schematic or diagram which lays out or depicts the interior footprint of the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility. [This Request seeks information and a depiction of entrance and exits, aisles, registers, office space, general merchandise, bakery, meat and produce areas.]

### Request No. 9

Please produce a copy of any report, incident report, notes and documentation of the incident which is the subject of this lawsuit.

### Request No. 10

Please produce a copy of all injury-producing incident reports which memorialized injury-producing incidents which occurred at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility premises and which incidents occurred within the three (3) years prior to and up to July 26, 2020.

### Request No. 11

Please produce a copy of all injury-producing incident reports which occurred at any and all BJ's retail facilities located in the State of Georgia which incidents occurred within the three (3) years prior to and up to July 26, 2020.

### Request No. 12

To the extent not produced in response to any other Request, please produce a copy of all incident reports, clean-up reports or logs or orders, sweep reports or logs, floor inspection reports or logs, and spill reports, regardless of the title or name or classification of such log or report used or utilized internally by Defendant BJ's, which reports or logs were prepared or which referenced a July 26, 2020 act or occurrence.

### Request No. 13

Please produce the job descriptions for or applicable to all employees working at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility on July 26, 2020.

### Request No. 14

Please produce a list or report or memorialization which would identify all employees working at the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club facility on July 26, 2020.

### Request No. 15

Please produce copies of all government inspections of the 331 Newnan Crossing Bypass in Newnan, Georgia BJ's Club Premises which inspections occurred at any time within the three (3) years prior to and up to July 26, 2020. [This Request includes, but is not limited to Health Department inspections, building inspections, fire inspections, etc.]

### Request No. 16

To the extent not produced in Response to any prior Request, please produce all documents, correspondence, reports, memorialization, notes and emails which in any way pertain to the subject incident.

### Request No. 17

Please produce a copy of all expert reports which have been obtained from any expert expressing an opinion as to the subject incident.

### Request No. 18

Please produce a copy of the curriculum vitae (or resume) for any expert who may be called to testify at trial.

### Request No. 19

To the extent not produced in response to any above Request, please produce a copy of all documents You referenced in Your Answer <u>and</u> all documents You referred to in Your Response to Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, L.P.

### Request No. 20

Please produce the personnel file for the person identified as the "as yet unidentified BJ's employee" in Plaintiff's Complaint.

### Request No. 21

To the extent not produced in response to the above Request, please produce all training materials used to train the "as yet unidentified BJ's employee" in Plaintiff's Complaint.

This __3rd__ day of March, 2021.

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Attorneys for Plaintiffs

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
**T** (770) 351-4400
**F** (770) 828-0100
mel@isenberg-hewitt.co
hilary@isenberg-hewitt.com

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01635-S4**
**3/2/2021 4:17 PM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **JUANA GOMEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO.  21-C-01635-S4** |
| **BJ'S WHOLESALE CLUB, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CERTIFICATE OF SERVICE

This is to certify that a copy of (i) Plaintiff's First Interrogatories to Defendant BJ's Wholesale Club, Inc.; and (ii) Plaintiff's First Request for Production of Documents and Notice to Produce pursuant to O.C.G.A. § 24-13-27 to Defendant BJ's Wholesale Club, Inc. will be served upon defendant with a copy of the Summons and Complaint.

Respectfully submitted this 2nd day of March, 2021.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Attorneys for Plaintiffs

600 Embassy Row, Suite 100
Atlanta GA 30328
**T** (770) 351-4400 / **F** (770) 828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

Page **1** of **1**